# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WALTER E. RYAN, JR., | § | |
| | § | |
| Plaintiff Below, | § | No. 230, 2017 |
| Appellant, | § | |
| | § | Court Below: Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| ALAN S. ARMSTRONG, JOSEPH R. | § | C.A. No. 12717-VCG |
| CLEVELAND, KATHLEEN B. | § | |
| COOPER, JOHN A. HAGG, JUANITA | § | |
| H. HINSHAW, RALPH IZZO, FRANK | § | |
| T. MACINNIS, ERIC W. | § | |
| MANDELBLATT, KEITH A. | § | |
| MEISTER, STEVEN W. NANCE, | § | |
| MURRAY D. SMITH, JANICE D. | § | |
| STONEY, and LAURA A. SUGG, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |
| | § | |
| and | § | |
| | § | |
| THE WILLIAMS COMPANIES, INC., | § | |
| | § | |
| Nominal Defendant Below, | § | |
| Appellee. | § | |

Submitted: December 6, 2017
Decided: December 18, 2017

Before **STRINE**, Chief Justice; **VALIHURA**, **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices, constituting the Court *en Banc*.

# **O R D E R**

This 18th day of December 2017, we affirm the judgment of the Court of Chancery on the basis of its opinion dated May 15, 2017.[1] We note two issues. First, the appellant argues that the Court of Chancery somehow failed to consider the context-specific nature of his fiduciary duty claims, i.e., an argument under *Unocal*, in deciding that the appellant had not pled particularized facts supporting the existence of a non-exculpated claim for breach of fiduciary duty. We do not agree with that assertion and believe that the Court of Chancery found that the pled facts did not support a non-exculpated claim for breach of the defendants' duties under *Unocal*.

Second, the appellees argued in the alternative that the appellant's claims were subject to dismissal under Court of Chancery Rule 15(aaa) and Rule 41(a). We agree. Our Court of Chancery is busy, and the scarce resources of litigants (which affect the best interests of American investors) should not be wasted. The procedural choice made by the appellant here was not proper, and the Court of Chancery could have dismissed on that basis alone. Precisely because the Court of Chancery's ability to handle cases promptly is so important, we note that we will support it if it exercises its discretion to dismiss without burdensome consideration of the merits

---

[1] *Ryan v. Armstrong*, C.A. No. 12717-VCG, 2017 WL 2062902 (Del. Ch. May 15, 2017).

when, as here, a plaintiff violates procedural rules designed to ensure that claims will be brought in one proceeding and at the appropriate time.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice